THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. EDGARDO VÁZQUEZ BRUNO, Defendant and Appellant.

No. CR-65-235.     Decided May 24, 1966.

*Benjamín Ortiz* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Lolita Miranda de Escuedero, Assistant Solicitor General,* for The People.

PER CURIAM: The appellant was convicted by the Superior Court of the offense of driving a motor vehicle while under the influence of intoxicating beverages. 9 L.P.R.A. § 1041.

He was sentenced to serve ten days in jail and his driver's license was cancelled for one year.

The evidence shows the following: On October 14, 1960, about 5:30 P.M., the defendant was driving a vehicle along Rosario Street in Santurce, Puerto Rico. He was zigzagging in a manner dangerous to pedestrians and other vehicles. Francisco González, an eyewitness who lives in that street, testified to that effect "I had to go inside." He was not injured but a boy who was walking by and who, upon seeing the vehicle, tried to reach safety "but could not" was run over and injured by appellant. The car ran into a house fence and broke and knocked down a cement column for the fence.

Besides witness González, Blanca Estrella González, an eyewitness who also lives on the street where the accident occurred, testified for the People. Policeman Victor Medina, of the Santurce patrol, who intervened with the defendant at the time of the accident, also testified. From the testimony of the three witnesses, who saw the defendant at close range, it is inferred that the defendant was drunk. Witness Francisco González testified that the defendant was "in no condition to drive," that "he had taken a few,"[1] that "he could hardly stand on his feet," and that he smelled of liquor.

Witness Blanca Estrella González saw the car zigzagging, she saw when it ran over the boy, saw the defendant driving the car. Patrolman Medina arrived at the scene of the accident. He noticed that the defendant "was in a state of advanced intoxication." He was "staggering." When he spoke "he had a strong smell of liquor." He asked defendant to show him his driver's license and defendant refused.

Furthermore, there is evidence that the defendant had drunk liquor that afternoon, before driving his car around Santurce. He was at his home with a friend. They drank

---

[1] The complete popular expression is "he had taken a few drinks."

wine and daiquiris. The friend came to defendant's house at noon and left between three and four in the afternoon.

On appeal before us, the defendant assigns five errors which we shall discuss forthwith, but not in the order in which he raises them.

The fifth error assigned is that "The trial court erred in convicting the defendant inasmuch as the evidence was insufficient to establish that defendant was driving the vehicle while in a state of intoxication." The assignment is frivolous.

The first error assigned challenges the validity of the provision of law under which the defendant was convicted, on the grounds that the title of the Vehicle and Traffic Act of Puerto Rico does not say that these cases shall be heard by the Superior Court or by a court without a jury.

■■ What the Constitution demands is that the matter, that is, the subject with which the act deals be clearly expressed in its title.[2] The Constitution does not require that the details or the procedures established in the laws appear related in their titles. We can imagine how impracticable and useless it would be for a title to attempt to relate the different details contained in an act such as the "Civil Code," or the "Penal Code," or the "General Corporation Law for the Commonwealth of Puerto Rico" or the "Notarial Act of Puerto Rico of 1957." The foregoing are the titles of those laws. It is not required for the title to constitute an index, but it suffices that it be a guidepost of the matter covered by the act. *People* v. *Díaz Torres*, 89 P.R.R. 704 (1963); *People* v. *Pérez*, 83 P.R.R. 221, 223 (1961). This assignment lacks merit.

---

[2] In its pertinent part the Constitution of the Commonwealth of Puerto Rico, Art. III, § 17, provides: "Every bill, except general appropriation bills, shall be confined to one subject, which shall be clearly expressed in its title. . . ."

In his fourth assignment it is alleged that the defendant should have been acquitted because there was a variance between the information and the evidence and that the court erred in allowing the prosecuting attorney to amend the information in order to change the name of the street where the accident happened.

It is not an essential requisite in an information for driving while under the influence of intoxicating liquor to mention the name of the street where the driving took place. We have decided that it is not indispensable to allege in these cases that the defendant was driving the vehicle on a public thoroughfare. *People* v. *Vargas*, 84 P.R.R. 216 (1961). The Act defines the offense as follows: "It shall be unlawful for any person who is under the influence of intoxicating liquor to drive or operate any motor vehicle." 9 L.P.R.A. § 1041. The essential elements of the offense are, therefore, (1) to drive or operate any motor vehicle, (2) while the person so doing is under the influence of intoxicating liquor. The name of the street is not an essential or indispensable element of the offense in question. Furthermore, Rosario Street in Santurce is a public throughfare, just like Del Parque Street which is nearby.[3]

To drive a motor vehicle while under the influence of intoxicating beverages is a dangerous and antisocial conduct which the Legislature may prohibit on any or every street and highway of the country. The law is trying to prevent precisely what happened here: a driver under the influence of intoxicating beverages ran over a boy and destroyed part of a residence's fence. As we said in *People* v. *Díaz Torres*, *supra*, the law punishes for driving a vehicle while drunk

---

[3] In cases in which there exists a variance between the pleadings and the evidence, Rule No. 38 (d) of the Rules of Criminal Procedure (1963) authorizes the court to allow amendments to be made to the information, complaint or to a bill of particulars, if there were any, at any time before the conviction or acquittal of the defendant.

because when a person drives a motor vehicle in that condition he "endangers his life, the life of those who may be riding in the vehicle, and that of other persons who may be on the streets, on the sidewalks, in the parks, and on the porches."

■■ The second and third errors allege departures from the procedure to be followed when the person arrested refuses to submit to the chemical analysis. The departures were not of such a nature as to prejudice the defendant. He refused to submit to the blood and urine tests. Upon his arrest he was taken before a judge who, after taking sworn statements, found probable cause. The testimonies do not necessarily have to be in writing. They may be oral. Besides, the record shows the written sworn statement of Policeman Víctor Medina who investigated the accident. On the basis of that testimony a judge could have reasonably found probable cause. The evidence introduced at the trial fully confirms the determination of probable cause made by the judge. The contentions raised herein by the defendant have been decided adversely to him. In *Acevedo* v. *Superior Court*, judgment of October 18, 1961, cited with approval in *People* v. *Superior Court*, 84 P.R.R. 378, 381 (1962), we decided that in the case of a driver who refuses to have a sample taken for the chemical analysis, the departure from the procedure pointed out by the Act (§ 5-804; 9 L.P.R.A. § 1044) does not bar the criminal action.

The judgment appealed from shall be affirmed.

Mr. Chief Justice Negrón Fernández and Mr. Justice Santana Becerra did not participate herein.